

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION                                                              MDL No. 3014

IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                                MDL No. 3021

**TRANSFER ORDER**

**Before the Panel:**\*  Defendants Philips RS North America LLC and Philips North America LLC (collectively, Philips) move under 28 U.S.C. § 1407(c) to transfer the District of Massachusetts *SoClean* action listed on the attached Schedule A to the Western District of Pennsylvania for inclusion in MDL No. 3014, *In re Philips Recalled CPAP, Bi-Level PAP and Mechanical Ventilator Products Liability Litigation*.  Plaintiff SoClean, Inc. opposes this motion and separately moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the *SoClean* action to MDL No. 3021, *In re SoClean, Inc., Marketing, Sales Practices and Products Liability Litigation*.  Anthony Sakalarios, Jesse Judson Brooks, Sr., and Thomas N. Hebert, all of whom are plaintiffs in the SoClean MDL, also move to vacate the conditional transfer order.  Philips opposes the motions to vacate.  Philips takes the position that the *SoClean* action should be transferred to either the Philips MDL or the SoClean MDL.  Together, the motions before us require that we decide whether the *SoClean* action should be transferred to the Philips MDL or to the SoClean MDL, or not transferred at all.

The actions in the Philips MDL "share factual questions arising from Philips' recall of certain Continuous Positive Airway Pressure (CPAP), Bi-Level Positive Airway Pressure (Bi-Level PAP), and mechanical ventilator devices on June 14, 2021."  *See In re Philips Recalled CPAP, Bi-Level PAP and Mech. Ventilator Prods. Liab. Litig.*, MDL No. 3014, __ F. Supp. 3d __, 2021 WL 4704801, at *1 (J.P.M.L Oct. 8, 2021).  The actions in the SoClean MDL involve "common questions of fact arising from allegations that ozone sanitizing devices sold by SoClean cause damage to foam and other components in CPAP machines."  *See In re SoClean, Inc., Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 3021, __ F. Supp. 3d __, 2022 WL 303561, at *1 (J.P.M.L. Feb. 2, 2022).  There is a considerable degree of factual overlap between the two MDLs.  As we explained in our order centralizing the SoClean MDL, both litigations involve factual issues relating to "the causes and effects of the breakdown of foam components in recalled Philips devices and the off-gassing of volatile organic compounds from such components."  *Id.* at *2.  Because of

---

\*  Judge Nathaniel M. Gorton did not participate in the decision of this matter.

this overlap, we centralized the SoClean litigation in the Western District of Pennsylvania before Judge Joy Flowers Conti, who also presides over the Philips MDL, to allow for coordinated discovery and pretrial proceedings as appropriate.

After considering the argument of counsel, we find that transfer under 28 U.S.C. § 1407 to MDL No. 3021 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At this time, no party in the Philips MDL has explicitly alleged that SoClean's ozone devices caused or exacerbated the alleged defects in Philips CPAP machines or injury to their users. By contrast, the actions in the SoClean MDL squarely allege that SoClean ozone devices cause damage to components in CPAP machines—including, in a number of cases, Philips CPAP machines.[1]

The *SoClean* action arises from public statements made by Philips containing similar allegations regarding the damaging effects of SoClean devices. In that suit, SoClean brings Lanham Act, commercial disparagement, and other economic tort claims against Philips, alleging that, in the course of its product recall and elsewhere, Philips made false and misleading statements that SoClean's ozone devices cause or contribute to the degradation of foam components in Philips' recalled CPAP machines, and should not be used to sanitize medical devices. SoClean asserts that Philips' statements have caused a decrease in SoClean's sales and injury to its reputation and goodwill. The economic tort claims asserted in the *SoClean* action will turn in large part on whether Philips' statements were false.[2] Whether SoClean's devices in fact caused damage to Philips CPAP machines thus will be a central issue in *SoClean*, as in many of the SoClean MDL actions. Fact and expert discovery are likely to overlap. Transfer will avoid the risk of inconsistent pretrial rulings, including as to discovery disputes and *Daubert* motions.

In opposing transfer to either the Philips or the SoClean MDL, SoClean argues that the *SoClean* action predominantly involves distinct factual issues relating to the conduct of Philips executives and the extent of the harm caused to SoClean by Philips' statements. It contends that discovery therefore will focus primarily on matters not involved in either MDL. It also maintains that differences in the legal claims and parties weigh against transfer, and that pretrial motions in the MDLs will focus on issues, such as class certification and preemption, that will not arise in

---

[1] Indeed, a related action recently transferred to the SoClean MDL brings claims on behalf of a putative nationwide class of "[a]ll persons in the United States who purchased or used a SoClean Device to clean and sanitize a recalled Philips Device." Plaintiffs seek reimbursement for the cost of their SoClean devices, as well as replacement of their Philips CPAP machines. Compl. ¶¶ 20, 25, 68, *Bradley v. SoClean, Inc.*, C.A. 1:21-01029 (D.N.H.). *See* Conditional Transfer Order (CTO 2), MDL No. 3021 (J.P.M.L. Mar. 10, 2022), ECF doc. 98.

[2] *See, e.g., HipSaver, Inc. v. Kiel*, 984 N.E. 2d 755, 763 (Mass. 2013) ("'the plaintiff [in a commercial disparagement action] must carry the burden of proving that the disparaging statement is false, and if he does not do so he has no claim'") (quoting W.L. Prosser & W.P. Keeton, Torts, § 128, at 967 (5th ed. 1984)); *Pegasystems, Inc. v. Appian Corp.*, 424 F. Supp. 3d 214, 221, 224 (D. Mass. 2019) (to prevail on a claim under the Lanham Act or Mass. Gen. Law Ch. 93A, plaintiff must prove that the defendant "made a false or misleading description of fact or representation of fact in a commercial advertisement about [its] own or another's product") (quoting *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 310–11 (1st Cir. 2002)).

*SoClean*. We are not persuaded by these arguments. As we often have stated, "Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when . . . the actions still arise from a common factual core." *In re New England Compounding Pharmacy, Inc., Prods. Liab. Litig.,* 38 F. Supp. 3d 1384, 1385–86 (J.P.M.L. 2014). Nor is it an obstacle to transfer that Philips currently is not a party to the SoClean MDL. *See In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (centralization does not require a complete identity of parties).

SoClean further maintains that transfer would result in inefficiencies, inconvenience the parties, and delay proceedings in the *SoClean* action. Plaintiffs in the SoClean MDL similarly contend that transfer would unnecessarily complicate the SoClean MDL and delay litigation of their claims. Again, we do not agree. Both *SoClean* and the SoClean MDL are in their infancy. Judge Conti has the discretion to employ separate tracks or other appropriate pretrial management techniques to address any unique issues and discovery presented by the *SoClean* action and avoid unnecessary delay. SoClean and the other movants' argument that the Western District of Pennsylvania would not be a convenient forum for the parties and witnesses in *SoClean* is similarly unconvincing. We repeatedly have explained that we "look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012). Given that coordinated discovery and other proceedings on common issues will be going forward in the Western District of Pennsylvania, transfer would serve the efficient resolution of these related litigations taken as a whole.

While we conclude that inclusion of the *SoClean* action in MDL No. 3021 is most appropriate, we acknowledge that Philips' arguments for transfer to MDL No. 3014 have some merit. Ultimately, Judge Conti is in the best position to structure proceedings in both MDLs as she deems appropriate. If Judge Conti at any point determines that the *SoClean* action is more appropriately included in MDL No. 3014, she is free to suggest to the Panel that it be transferred to that MDL.

IT IS THEREFORE ORDERED that Philips' motion to transfer the action listed on Schedule A to MDL No. 3014 is DENIED.

- 4 -

IT IS FURTHER ORDERED that the action listed on Schedule A is transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Joy Flowers Conti for inclusion in the coordinated or consolidated pretrial proceedings in MDL No. 3021.

                         PANEL ON MULTIDISTRICT LITIGATION

                         _____

                                Karen K. Caldwell
                                    Chair

| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP
AND MECHANICAL VENTILATOR PRODUCTS
LIABILITY LITIGATION**  MDL No. 3014

**IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**  MDL No. 3021

## SCHEDULE A

<u>District of Massachusetts</u>

SOCLEAN, INC. v. KONINKLIJKE PHILIPS N.V., ET AL.,
    C.A. No. 1:21−11662